

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (RICHMOND DIVISION)

ALBERT C. CECCONE,
*For himself and on behalf of all*
*similarly situated individuals,*

        Plaintiff,

v.

Civil Case No. _3:13CV339_

EQUIFAX INFORMATION SERVICES, LLC.,

SERVE:      Corporation Service Company
             Bank of America Center, 16th Floor
             1111 East Main Street
             Richmond, VA 23219.

        Defendant.

## CLASS COMPLAINT

The Plaintiff, Albert C. Ceccone, on behalf of himself and all similarly situated individuals, and for his Complaint against Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a consumer class action brought for a willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), against Defendant Equifax Information Services, LLC, Plaintiff obtained a copy of his credit report from Equifax and discovered that the Defendant was inaccurately reporting a lien. This lawsuit challenges the manner in which Equifax reports these liens.

2.      Equifax uses an automated and systematic procedure to gather and report derogatory liens in consumer credit reports. However, it does not follow similar procedures to gather updated information from the same agencies when the lien is released, satisfied, or otherwise removed. Equifax's failure to timely gather updated information regarding these liens

is a violation of 15 U.S.C. § 1681e(b) because Equifax has not implemented reasonable procedures to ensure the maximum possible accuracy in the preparation of the consumer reports that it furnished regarding the Plaintiff and the putative class members.

3.      The Plaintiff also alleges a class claim for the Defendant's violations of 15 U.S.C. § 1681g for falsely identifying the Washington, D.C. Recorder's Office as the source of the information on Plaintiff's credit file because Defendant instead contacts an undisclosed private company from which it purchased the public records.

## JURISDICTION

4.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Equifax maintains a registered office in the District of Columbia. Moreover, the entire proposed Class is limited to District of Columbia consumers who have been the subject of inaccurate reporting of public records similar to the Plaintiff.

## PARTIES

6.      The Plaintiff, Albert C. Ceccone ("Mr. Ceccone" or "Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

7.      Upon information and belief, Equifax, Inc. is a corporation authorized to do business in the District of Columbia through its registered offices in the District of Columbia.

8.      Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the

business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9.      Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

### *Equifax's Inaccurate Reporting on Mr. Ceccone's Consumer Disclosure*

10.     In 2011, Mr. Ceccone obtained a copy of his credit report from Equifax and discovered that Equifax was reporting a lien against him in favor of the District of Columbia Water and Sewer Authority recorded at the Washington, D.C.'s Recorder's Office.

11.     The reporting of the lien was inaccurate and occurred because Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Mr. Ceccone. Specifically, Equifax does not follow the same automated and systematically rigorous processes to obtain all satisfactions, releases, and removal of liens that it follows to obtain the initial derogatory entry of the liens.

12.     In Plaintiff's instance, if the Defendant had followed such procedures, it would have reported an update in the records showing that the lien had been released on April 23, 2008.

13.     In fact, information regarding the release of Plaintiff's lien was publically available on the Internet – free and easily accessible to Defendant.

14.     Yet, upon information and belief, the Defendant still failed to adopt reasonable procedures (or any procedures whatsoever) to update and correct its public record information

3

concerning liens recorded at Washington, D.C.'s Recorder's Office to ensure the maximum possible accuracy of the reporting of these liens.

### *Equifax Misrepresents the Source of the Information in Plaintiff's Credit File*

15.     On February 7, 2013, Plaintiff again requested a copy of his credit file from Equifax.

16.     In response, Equifax provided Plaintiff with the information in his credit file, including the tax lien.

17.     However, Equifax failed to provide the name of the source of the information as required by 15 U.S.C. § 1692g(a)(2).

18.     Instead, Plaintiff's consumer report merely identifies the "court address" as the source of the information. To that end, Plaintiff's report indicated that the source was located at "6th & D ST NW WASHINGTON, DC 20004."

19.     Contrary to this representation, Defendant never received any reporting from anyone located at 6th & D Street, NW, Washington, D.C. 20004.

20.     Instead, as a matter of common practice, Defendant obtains the public record information it reports about consumers from an intermediary entity that resells its database to Equifax. Equifax does not receive any public records from Washington, D.C. Recorder of Deeds.

21.     Moreover, if and when Defendant receives a request from the consumer for the information in the consumer's credit file, it never contacts the original source of the information but instead contacts the undisclosed private company (also referred to as the "Vendor") from which it purchased the reports. Equifax relies solely on this Vendor to respond to a consumer's

communications regarding public records. Furthermore, only this Vendor has the authority or means to make a correction to the public records database.

22.    Upon information and belief, Equifax obtained this public record lien information regarding the Plaintiff and all putative class members from the same Vendor.

23.    Upon information and belief, this Vendor is paid for each derogatory public record it discovers and reports to Equifax.

24.    Upon information and belief, this Vendor is paid less, or not at all, when it updates a public record as satisfied, released, or otherwise removed.

25.    This Vendor is a "source" as governed by the FCRA and triggers certain responsibilities for Equifax about the data furnished through this relationship.

26.    Notwithstanding this reality, Defendant failed to disclose and/or falsely advised Plaintiff about the source of the information in his credit file.

27.    At all times pertinent to this Complaint, Defendant's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, the Defendant's conduct is willful because it was intentionally accomplished through intended procedures; these procedures have continued despite the fact that Equifax has already been subject to court decisions in other states critical of its similar conduct; and Equifax will continue to engage in this conduct because it believes that there is a greater economic value in collecting and reporting derogatory public record lien information than to update consumers' reports with information that would fully cancel or render the previous reporting of the public record irrelevant.

5

28. Equifax furnished multiple consumer reports regarding Mr. Ceccone to third parties containing the inaccurate information alleged herein.

29. At all times pertinent to this Complaint, Defendant was acting by and through its agents, servants, and/or employees who were acting within the ordinary course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### Class Claim

30. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31. **The 1681e(b) Class.** Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows ("the Class"):

All natural persons who meet every one of the following definitional requirements:

a. the computer database of the District of Columbia Deed Recorder shows that the person suffered a lien recorded in the Recorder of Deeds against a property in the District of Columbia;

b. the computer database of the District of Columbia Deed Recorder shows that as of the date 20 days after the Court's certification of this class, the lien was satisfied;

c. Equifax's records note receipt of a communication or dispute from that person about the accuracy of Equifax's reporting of that lien status; and

d. Equifax's records note that a credit report regarding the person was furnished to a third party who requested the credit report, other than for an employment purpose: (1.) after the date Equifax's records note its receipt of the consumer dispute regarding the lien status, and (2.) at least thirty (30) days after the lien was satisfied.

32. **Numerosity.** Upon information and belief, the Plaintiff alleges that the FCRA

6

Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant and through publically available records of the Washington, D.C. Recorder of Deeds, and the class members may be notified of the pendency of this action by published and/or mailed notice.

33.     **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Equifax adopted procedures that collected and reported updates to liens that were less systematic and effective than those it used to initially collect and report the liens; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and putative class members.

34.     **Typicality**. Plaintiff's claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. He, as every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681e(b). This claim challenges the credit reporting procedures of Equifax and does not depend on any individualized facts. Upon information and belief, Equifax obtains all of its District of Columbia Deed Recorder lien records under the same contract from the same vendor. Equifax's notice and knowledge of the challenged reporting problem is the same for Plaintiff as for the putative class. For purposes of class certification, Plaintiff seeks only statutory and punitive damages. Plaintiff would seek individual or actual damages only if class certification is denied. In addition, Plaintiff is entitled

7

to the relief under the same causes of action as the other members of the class.

35.    **Adequacy**. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

36.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Equifax's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case

8

would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

37.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff and putative class members.

38.     As a result of the conduct, actions, and inactions of the Defendant as alleged herein, the Plaintiff and putative class members suffered credit score damage.

39.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

40.     Plaintiff and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681g(a)(2)
### Class Claim

41.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

42.     **The 1681g(a)(2) Class.** Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows ("the Class"):

> All natural persons who meet every one of the following definitional requirements:
>
> a. the computer database of the District of Columbia Deed Recorder shows that

the person suffered a lien recorded in the Recorder of Deeds against a property in the District of Columbia;

b. Equifax's records note receipt of a request from a consumer for information in the consumer's credit file; and

c. Equifax's records note that a credit report was furnished to the consumer, which provided as the source of the information either: (a.) the name of the District of Columbia Deed of Recorder; or (b.) the address of 6th & D Street, NW, Washington, D.C. 20004.

43.     **Numerosity**. Upon information and belief, the Plaintiff alleges that the FCRA Class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant and through publically available records of the Washington, D.C. Recorder of Deeds, and the class members may be notified of the pendency of this action by published and/or mailed notice.

44.     **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all putative class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Equifax failed to properly disclose and/or falsely identified the source of tax lien information in consumer's credit files; (b) whether this conduct constituted a violation of the FCRA; and (c) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and putative class members.

45.     **Typicality**. Plaintiff's claims are typical of the claims of each putative class member and all are based on the same facts and legal theories. He, as every putative class member, alleges a violation of the same FCRA provision, 15 U.S.C. §1681g(a)(2). This claim

challenges Equifax's credit reporting disclosures and does not depend on any individualized facts. Upon information and belief, Equifax obtains all of its District of Columbia Deed Recorder lien records under the same contract from the same vendor. Equifax's notice and knowledge of the challenged reporting problem is the same for Plaintiff as for the putative class. For purposes of class certification, Plaintiff seeks only statutory and punitive damages. Plaintiff would seek individual or actual damages only if class certification is denied. In addition, Plaintiff is entitled to the relief under the same causes of action as the other members of the class.

46.     **Adequacy**. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

47.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

c.     As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

11

d.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by Equifax's conduct described above are likely unaware of their rights under the law or of whom they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law for every similarly situated consumer.

48.     Defendant violated 15 U.S.C. § 1681g(a)(2) by falsely identifying the source of the information in a consumer's file.

49.     In the alternative, Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to disclose the name of the source of the information in a consumer's file at the time of the request.

50.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

51.     Plaintiff and the putative class members are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff moves for class certification and for judgment against the Defendant, individually as alleged for actual and/or statutory damages and punitive damages, as

a class as alleged for statutory damages and punitive damages; and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
**ALBERT C. CECCONE**

By _____
        Counsel

Susan Mary Rotkis (VSB 40693)
Leonard Anthony Bennett (VSB 37523)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimilie
email: srotkis@clalegal.com
           lenbennett@clalegal.com


Kristi Cahoon Kelly, (VSB 72791)
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: kkelly@siplfirm.com

*Counsel for Plaintiff*