UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**ALBERT C. CECCONE,**
*For himself and on behalf of all*
*Similarly situated individuals,*

      **Plaintiff,**

v.                                              Civil Action No: 13-01314 (KBJ/JMF)

**EQUIFAX INFORMATION SERVICES,**
**LLC.**

      **Defendant.**

**PLAINTIFF'S MOTION TO CLARIFY**
**THE COURT'S ORDER DATED OCTOBER 31, 2014**

COMES NOW the Plaintiff, by counsel, and moves this Court for clarification of the Court's Order dated October 31, 2014 (Dkt. No 40), and states as follows:

On October 31, 2014, the Court entered an Order requiring Equifax to provide Plaintiff's counsel with "copies of the credit reports" for 100 of the 11,000 consumers on the list of names which Plaintiff secured from the Recorder of Deeds. (Dkt. No. 40, at 2). In particular, the Order states, in pertinent part:

> [P]laintiff shall, if it has not already done so, provide Equifax with a list of names of those 11,000 consumers which plaintiff has secured from the Recorder of Deeds. Plaintiff shall advise defendant how he searched the Recorder of Deeds' records and why he believes that the list is accurate. Equifax shall then provide plaintiff with copies of the credit reports for a random sampling[] of 100 of the consumers.

*Id*. Plaintiff seeks clarification on the scope of the phrase "copies of the credit reports" for the 100 consumers. More specifically, Plaintiff is unsure whether Equifax must produce *current* copies of the credit reports (*i.e.*, a copy of a consumer's report as of November 1, 2014 generated by Equifax for the purpose of complying with this Order), a copy of a credit report previously provided to a consumer or a creditor, or an archived file that represents the information that would be accessed

to create a credit report. As briefly explained below, the scope of the phrase is significant in either instance, and, therefore, the Plaintiff respectfully seeks clarification to avoid any potential confusion, delays or unnecessary costs. Moreover, in either instance, it is more than likely that Equifax would have corrected its files to reflect the lien releases as Plaintiff has long ago provided Equifax a detailed list of every consumer with a lien release.

Plaintiff's concern in this instance is that if the Court's Order means current copies of the credit reports, that Equifax has already updated its reporting of the lien information after this lawsuit was filed on May 28, 2013. Thus, current copies of the credit reports (as opposed to the frozen scans or archived reports) would be undoubtedly futile without one piece of additional information easily accessible to Equifax—the date when the lien release was entered in Equifax's system. As reflected by an excerpt of Plaintiff's Equifax credit report, such information is not provided on a standard Equifax credit report. (*See* Ex. 1). Without this critical piece of information, Plaintiff would not be any closer to proving his basic allegation in this case—that Equifax does not require lien releases to be gathered with the same vigor and certainty as the original derogatory liens. To that end, the requested information will be necessary for the Plaintiff's claim regardless of the results of Equifax's sample because it is not only material that a consumer has a release, but *when* that release was actually placed on his file. Undoubtedly, it will ease the burden and reduce the costs associated with multiple productions if this information is assembled simultaneously with Equifax's production of the credit reports. Therefore, Plaintiff respectfully requests the Court to require Equifax to reveal in the consumer reports it produces and for any other sample response that does not reflect a current (unreleased) lien whether and when that report had been updated and corrected.

In the alternative, it may be that the Court's Order already contemplated this exchange in

ordering the consumer report**s** (plural) for each sampled consumers.  If the Court intended Equifax to produce credit reports previously furnished to the 100 consumers and/or their creditors, then Plaintiff respectfully requests the Court to narrow the scope of this production to those reports dated on or before May 28, 2013, *i.e.*, the date of the Complaint. Nevertheless, for those reports that show a lien release, Plaintiff would still respectfully request that the Court order Equifax to reveal when any update was made to the consumer's file to show the lien release.

        Respectfully submitted,

        **ALBERT CECCONE,** *individually and on behalf of those similarly situated*

        /s/ *Kristi C. Kelly*_____
        Kristi C. Kelly, Esq. (DC Bar No. 974872)
        Kelly & Crandall, PLC
        4084 University Drive, Suite 202A
        Fairfax, VA 22030
        Telephone: 703-424-7572
        Fax: 703-591-0167
        Email: kkelly@kellyandcrandall.com

        Matthew J. Erausquin, *Pro Hac Vice*
        CONSUMER LITIGATION ASSOCIATES, P.C.
        1800 Diagonal Road, Suite 600
        Alexandria, VA 22314
        (703) 273-7770 – Telephone
        (888) 892-3512 – Facsimile
        Email: matt@clalegal.com
        *Counsel for Plaintiff*

        Leonard A. Bennett, *Pro Hac Vice*
        CONSUMER LITIGATION ASSOCIATES, P.C.
        763 J. Clyde Morris Blvd., Suite 1-A
        Newport News, VA 23601
        (757) 930-3660 - Telephone
        (757) 930-3662 – Facsimile
        Email: lenbennett@clalegal.com
        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of November 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brian R. Meiners (No. 482039)
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006-4707
202-737-0500 - Telephone
202-626-3737 -  Facsimile
Email: bmeiners@kslaw.com

Barry Goheen, *Pro Hac Vice*
J. Anthony Love, *Pro Hac Vice*
Ian E. Smith, *Pro Hac Vice*
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309-3531
404-572-4600 - Telephone
404-572-5100 -  Facsimile
Email:bgoheen@kslaw.com
Email:tlove@kslaw.com
Email:iesmith@kslaw.com
*Counsel for Defendant Equifax Information Services LLC*

_____/s/ *Kristi C. Kelly*_____
Kristi C. Kelly, Esq. (DC Bar No. 974872)
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com