UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERT C. CECCONE,            )
       Plaintiff,             )
    v.                                )
                                          )   Civil Action No. 13-1314 (KBJ/AK)
EQUIFAX INFORMATION          )
SERVICES, LLC,                )
       Defendant.             )
                              )

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion to Clarify the Court's Order Dated October 31, 2014 ("Motion") [41], Defendant's Response in Opposition to the Motion ("Opposition") [43], and Plaintiff's Reply in support of the Motion ("Reply") [45]. The Court held a telephonic hearing on the Motion on January 12, 2014, at which time counsel for Plaintiff and Defendant explained their interpretations of Magistrate Judge Facciola's October 31, 2014 Order ("Order"). As background, the underlying case involves a putative class action lawsuit whereby Plaintiff seeks to demonstrate that there is a group of District of Columbia residents for which Equifax has reported District of Columbia Recorder utility liens as unpaid even after such liens have been released. (Order at 2.) The October 31, 2014 Order noted that, "[a]ccording to plaintiff, there are 11,000 District of Columbia consumers who have a released District of Columbia water lien. . . [and] [t]hrough discovery, plaintiff seeks to learn whether any of those consumers were nevertheless falsely reported by Equifax as having a lien." (*Id.*)

Pursuant to the October 31, 2014 Order, Plaintiff was instructed "if it has not already done so, [to] provided Equifax with a list of the names of [the] 11,000 consumers which plaintiff has secured from the Recorder of Deeds." (*Id.*) During the hearing, Plaintiff's counsel indicated

1

that it has provided a list to Equifax.  Magistrate Judge Facciola further ordered that "Equifax shall then provide plaintiff with copies of the credit reports for a random sampling of 100 of these consumers."  (Order at 2.)[1]  Plaintiff Ceccone requests clarification of the term "copies of credit reports" with a focus on the manner in which copies of credit reports will be provided and the information contained therein.  (Motion at 1-2.)

Defendant Equifax indicates that it intends to produce "*current* credit files of the names that are identified through random sample."  (Opposition at 2.)   Equifax argues that Judge Facciola did not intend for the production of "full, years-old credit reports or frozen scans for unknown consumers and others that Plaintiff does not even represent. . . ."  (Opposition at 3.)[2] Plaintiff asserts that current copies of the credit files would be "useless . . . because the critical information needed in this case is when the lien release was updated – not simply that a consumer has one [a]nd obviously, the date Equifax updated the lien is also material if Equifax only updated this information as a result of this lawsuit . . . . "  (Reply at 1-2.)  Plaintiff thus requests clarification that the information to be provided by Equifax for the random sampling of 100 consumers includes that date of the lien, the date of the release of the lien (if released), and an indication [by means of a "yes" or "no"] as to whether there were any "hard inquiries" [third party requests for credit information] while the lien was noted on the credit report.[3]  Defendant Equifax objects to Plaintiff's request for this information, arguing that this was not Judge

---

[1] Judge Facciola also ordered Equifax to provide a "list of all consumers with a *current* District of Columbia Recorder's lien on their credit file" (Order at 2) and Equifax indicates that it is in the process of doing so.  (Opposition at 3.)

[2] Both parties agree that copies of the consumer credit files may be redacted to show only the public records at issue in this case.  (Opposition at 4.)  This agreement was reiterated during the telephonic hearing.

[3] The term "hard inquiries" was used by Plaintiff's counsel during the hearing.

Facciola's intent and further, it would impose a burden on Equifax to ascertain this information.[4] Upon review of the briefing submitted to the Court, and after oral argument on this Motion, the Court determines that Plaintiff's interpretation of Judge Facciola's Order is the only interpretation that makes sense.  Defendant Equifax's proposed provision of current copies of credit reports for the 100 random people is meaningless in light of the allegations in this civil action.

      Defendant Equifax should thus provide the Plaintiff with credit report information for a random sampling of 100 consumers, which includes the date of the lien (at issue in this case), the date of the release of the lien (if applicable) and an indication by means of a "yes" or 'no' as to whether there were any hard inquiries during the time the lien appeared on the credit report. This information may be produced in the form of a spreadsheet, as agreed during the January 12, 2015 hearing. A separate Order accompanies this Memorandum Opinion.


January 15, 2015                  _____/s/_____
                                             ALAN KAY
                                             UNITED STATES MAGISTRATE JUDGE

---

[4] The October 31, 2014 Order notes that "Equifax shall maintain a record of how much time and money was expended completing these tasks and then, at a later point in time, the Court shall consider whether plaintiff should bear these costs." (Order at 2-3.)