UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ALBERT C. CECCONE, *for himself and on behalf of other similarly situated individuals*

        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC

        Defendant.

Civil Action No. 1:13-cv-1314

## PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the Parties to this action, Albert C. Ceccone ("Plaintiff"), and Equifax Information Services, LLC ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement has been filed with the Court (ECF No. 56-2) and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. **A hearing will be held on August 25, 2016 at 10:30 A.M. before Judge Ketanji Brown Jacksin in Courtroom 17**, after notice to the proposed Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

    1.    The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(3), the matter is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (the "Settlement Class Members" or "Settlement Class"):

All consumers in the United States who meet either of the following definitional requirements:

a. The individual was the subject of a consumer report furnished by Equifax to a third party (i.) on or after May 28, 2011, (ii.) during a month in which a water and/or sewer lien filed with the District of Columbia Recorder's Office was included in the individual's credit file, and (iii.) when that lien was showing as satisfied or paid in the D.C. Recorder's Office during or prior to the month immediately preceding the month in which that consumer report was furnished; or

b. Equifax sent a consumer disclosure to the individual on or after May 28, 2011 that included an incorrect address for the District of Columbia Recorder's Office.

The Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Plaintiff's attorneys; any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff; anyone who was a named plaintiff (as opposed to a putative class member) in a lawsuit pending against Defendant as of the date of the order preliminarily approving this Settlement Agreement; and all persons who timely and validly request exclusion from the Class.

Members of the Settlement Class are hereafter referred to as "Settlement Class Members."

3. **Class Representative Appointment:** Pursuant to Fed. R. Civ. P. 23, the Court preliminary certifies Albert C. Ceccone as the class representative for the Class.

4. **Class Counsel Appointment:** Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are preliminarily appointed as class counsel under Fed. R. Civ. P 23(g)(1): Kristi Kelly, Kelly & Crandall, PLC, 4084 University Drive, Suite 202A,

Fairfax, VA 22030, and Leonard A. Bennett and Matthew J. Erausquin, Consumer Litigation Associates, P.C.

    5.    **<u>Preliminary Certification of the Class</u>** – The Court preliminarily finds that this matter and the Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

a. The Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

c. The claims of the Class Representatives are typical of the claims of the Class Members;

d. The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

e. The Court finds that as to this Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.  Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

    6.    **<u>Class Action Administration:</u>** Class Counsel will appoint RMS US, LLP as the Settlement Administrator. The Settlement Administrator shall oversee the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Settlement Agreement. Notice and Administration Expenses shall be paid in accordance with Section 6.1 of the Settlement Agreement. The settlement checks shall issue from the Settlement Fund only and the Settlement Administrator will verify that the settlement checks were mailed.

7. **Class Notice:** The Court approves the form and content of the Class Notice and the Approval Notice attached as Exhibits A and B to the Settlement Agreement (and appended hereto as Exhibits 1 and 2). The proposed forms and methods for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claim, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on class members. The Notice Plan is designed for notice to reach a significant number of class members and is otherwise proper under Rule 23(e)(l).

This Court approves the form and content of the Claim Form and Opt-Out Form attached as Exhibits C and D to the Settlement Agreement, and attached hereto as Exhibits 3 and 4.

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(l) and satisfies due process.

8. **Exclusions from the Settlement Class:** The Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. **All requests by the individuals within the Settlement Class to be excluded must be in writing, sent to the Settlement Administrator and postmarked no later than July 27, 2016.** To be valid, a request for exclusion must be personally signed and must include: (i) name, address and telephone number; (ii) a sentence stating

that he or she is in the Settlement Class; and (iii) the following statement: "I request to be excluded from the class settlement in Ceccone v. Equifax Information Services, LLC, United States District Court, District for the District of Columbia." No person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may exclude any other person within the Settlement Class from the Settlement Class. Class Counsel shall not solicit opt-outs and, if contacted, shall refer any such opt-outs to the applicable state bar association for appropriate counsel in any subsequent litigation against the Released Parties.

9. **Objections:** Any individual within the Settlement Class, who has not previously opted-out in accordance with the terms of Paragraph 8 above, may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiff; provided, however, that no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files with this Court **a written statement of the objection postmarked no later than July 27, 2016**. Copies of all objection papers also must be served electronically via the Court's ECF system or mailed, postmarked no later than July 27, 2016, to each of the following: Class Counsel, Leonard Anthony Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, VA 23601 and Equifax's Counsel, Zachary McEntyre, Esq., King & Spalding, LLP, 1180 Peachtree Street, Atlanta, GA 30309. All objections must include: (i) the objector's name, address and telephone number; (ii) a sentence stating that to the best of his or her knowledge he or she is a member of the Settlement Class; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (v) copies of exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Settlement Class Members who file exclusions, if applicable, may not object to the settlement.

10. **Final Approval: The Court shall conduct a Final Fairness Hearing on August 25, 2016 at 333 Constitution Avenue N.W., Washington D.C. 20001, in Courtroom 17, commencing at 10:30 A.M.**, to review and rule upon the following issues:

   a. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

   b. Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

   c. To discuss and review other issues as the Court deems appropriate.

11. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

12. An application or applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as applications for class representative service awards, shall be made in accordance with Section 4 of the Settlement Agreement and shall be filed with the Court no later than ten (10) days before the Final Fairness Hearing. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than ten (10) days prior to the Final Fairness

Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation.

13. All proceedings in this Action are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

14. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to individual claims of anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 8 above. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

15. If the Settlement Agreement and/or this Order are voided per Section 9 of the Settlement Agreement:

   a. The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

   b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

-8-

c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

16. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Date:  April 29, 2016             *Ketanji Brown Jackson*
                                                KETANJI BROWN JACKSON
                                                United States District Judge