# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ALBERT C. CECCONE, *on behalf of*          :
*himself and all others similarly situated,*   :
:
     Plaintiff,          :
:
v.          :          Civil Action No. 1:13-cv-1314-KBJ-AK
:
EQUIFAX INFORMATION          :
SERVICES, LLC,          :
:
     Defendant.          :

## FINAL APPROVAL ORDER

Plaintiff Albert C. Ceccone, on his own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement and for Attorney's Fees, Expenses, and Class Representative Service Award ("Motion") seeking final approval of the Settlement Agreement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiff and Defendant.  Defendant does not oppose Plaintiff's Motion.

By Order dated April 29, 2016, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of the District of Columbia and the states where the class members reside.  Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings

had herein, and otherwise being fully informed of the premises and good cause appearing

therefore, as discussed in the accompanying Memorandum Opinion, IT IS HEREBY

ORDERED, ADJUDGED, AND DECREED:

1.      This Final Approval Order incorporates by reference the definitions in the

Agreement, and all terms used herein shall have the same meanings as set forth in the

Agreement.

2.      This Court has jurisdiction over the subject matter and, for purposes of this

Settlement only, personal jurisdiction over all the Parties, including all Settlement Class

Members.

3.      Pursuant to Federal Rule of Civil Procedure 23, and consistent with due process,

the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the

Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement

Class Members, especially in light of the benefits to the Settlement Class Members; the strength

of the Parties' cases and defenses; the complexity, expense, and probable duration of further

litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment

obtained on behalf of the Settlement Class; and, the limited amount of any potential total

recovery for Settlement Class Members if litigation continued.

4.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies

the Settlement Class solely for purposes of effectuating this Settlement.

a.      The Settlement Class is defined as follows:

All consumers in the United States who meet either of the following definitional
requirements:

a. The individual was the subject of a consumer report furnished by Equifax to a
third party (i.) on or after May 28, 2011, (ii.) during a month in which a water and/or
sewer lien filed with the District of Columbia Recorder's Office was included in
the individual's credit file, and (iii.) when that lien was showing as satisfied or paid
in the D.C. Recorder's Office during or prior to the month immediately preceding

the month in which that consumer report was furnished; or

b. Equifax sent a consumer disclosure to the individual on or after May 28, 2011 that included an incorrect address for the District of Columbia Recorder's Office.

The Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Plaintiff's attorneys; any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff; anyone who was a named plaintiff (as opposed to a putative class member) in a lawsuit pending against Defendant as of the date of the order preliminarily approving this Settlement Agreement; and all persons who timely and validly request exclusion from the Class.

b.      Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order.  Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5.      For purposes of this Settlement only, this Court finds and concludes that:  (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6.      Pursuant to the Court's Preliminary Approval Order, the approved mail notice was mailed.  The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances.  The Court further finds that the notice was clearly designed to advise the settlement class members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the lawsuit and settlement set forth in Fed. R. Civ. P. 23(C)(2)(B).

7.      This Court hereby dismisses with prejudice on the merits and without costs or attorney's fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

8.      The Released Parties include Equifax and its present or former officers, directors, employees, attorneys, agents, administrators, successors, assigns, subsidiaries, partners, corporate affiliates, sister corporations, parents, divisions, and predecessors.

9.      The Plaintiff and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in Sections 2.18, 2.19, and 5 of the Agreement.

Without limiting the foregoing, the Released Claims released pursuant to this Settlement specifically extend even as to all claims and potential claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date.  The Parties, and all Settlement Class Members, agree that this paragraph constitutes a waiver of any statutory

provision, right or benefit of any state or territory of the United States or any jurisdiction, and any principle of common law at law or in equity that prohibits the waiver of unknown claims. Plaintiff and each Settlement Class Member understand and acknowledge the significance of this waiver relating to limitations on releases.  In connection with such waiver and relinquishment, Plaintiff and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.  The Parties acknowledge (and all Settlement Class Members by operation of law shall be deemed to have acknowledged) that the release of unknown Released Claims as set forth herein was separately bargained for and was a key element of the Settlement.

10.      Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to non-released claims of Opt-Outs or, as set forth in Sections 7.4-7.6 of the Agreement.

11.      Plaintiff and Class Counsel have moved for a service award for the Class Representative in the amount of five thousand dollars ($5,000.00).  The Court awards Albert Ceccone five thousand dollars ($5,000.00), which shall be paid in accordance with the Agreement.

12.      Plaintiff and Class Counsel have moved for an award of attorney's fees (including

costs and expenses) in the amount of eight hundred fifty thousand dollars ($850,000.00).  The Court awards attorney's fees (including costs and expenses) in the amount of eight hundred fifty thousand dollars ($850,000.00) which shall be paid in accordance with the Agreement.

13.     Furthermore, Equifax will remove and/or suppress the reporting of all water and sewer liens from the D.C. Recorder's Office from the credit files of all consumers.  Equifax will implement this change commencing no later than ninety (90) days after the entry of this Order. Equifax will confirm with Class Counsel when it completes the deletion of this information.

14.     Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the Settlement.  Class Counsel are to continue in their role to oversee all aspects of the Agreement and Settlement.  Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

15.     If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

Date:  August 29, 2016

_Ketanji Brown Jackson_

KETANJI BROWN JACKSON
United States District Judge